WCPJR/mlk
5/17/10

U.S. DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| REGIS INSURANCE COMPANY<br>1325 Morris Drive<br>Wayne, Pennsylvania 19087 | * | |
| and | * | CASE NO. 1:10-cv-1237 |
| MORTON SHAPIRO<br>5 Springbriar Lane<br>Baltimore, Maryland 21201 | * | |
| Plaintiffs | * | |
| v. | * | |
| TRAVELERS INSURANCE<br>One Tower Square<br>Hartford, Connecticut 06183<br>S/O: Maryland Insurance Commissioner<br>     525 St. Paul Place<br>     Baltimore, MD 21202-2272 | * | |
| Defendant | * | |

\*    \*    \*    \*    \*    \*    \*

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs REGIS Insurance Company (hereinafter "REGIS") and Morton Shapiro, Paul Shapiro & Sons, and the Shapiro Trust, (hereinafter "Shapiro"), by way of their Complaint for Declaratory Judgment against Travelers Insurance, say:

### GENERAL ALLEGATIONS

1. This is an action for declaratory judgment for the purpose of determining a question of actionable controversy between the parties, as hereinafter more fully appears.

2. This Court has original jurisdiction pursuant to 28 USC §1332; and 28 USC §2201.

3.   At all time hereinafter mentioned, REGIS was and still is a corporation duly organized and existing under the laws of the State of Pennsylvania, with its principal place of business located in Philadelphia, Pennsylvania.

4.   At all times hereinafter mentioned, Shapiro were residents of, and domiciled in the State of Maryland.

5.   At all times hereinafter mentioned, Travelers was and still is a corporation duly organized and existing under the laws of the State of Connecticut, with its principal place of business located in Hartford, Connecticut.

6.   Travelers issued policies providing liability coverage to Mr. Morton Shapiro and Paul Shapiro & Sons, Inc. from April 30, 1990 to April 30, 1992. Travelers' policy GL-0115552 provided coverage from April 30, 1990 to April 30, 1991. Travelers' GL policy 97-145177 provided coverage from April 30, 1991 to April 30, 1992. Travelers' was a successor in interest to Northbrook Insurance, which originally issued the aforementioned policies under its name.

7.   REGIS Insurance issued policies providing liability coverage to Shapiro from December 1, 1991, to December 20, 1993; under policies RM107841, C/R RM 107234, RM 109727 and RM 111885.

8.   Travelers Insurance participated in the defense of Morton Shapiro and the Shapiro trust in the case *Zykirah Deal v. Morton Shapiro*, Baltimore City Circuit Court Case No. 24-C-08-001820. In *Deal*, the Plaintiff alleged ingestion of lead-based paint while a tenant and/or invitee at 1607 W. Fayette Street. Plaintiff alleged ingestion at 1607 W. Fayette Street from 1988 through 1993.

9.   In *Deal*, the claims against Shapiro were settled by REGIS Insurance for Two Hundred Twenty-Five Thousand Dollars ($225,000.00). Travelers Insurance declined to honor

PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

S:\Cases\Regis Ins v. Travelers\Complaint for Declaratory Judgment.ple.doc

its pro rata indemnity obligations to Shapiro under its policies.

10. In *Kelch v. Shapiro*, Baltimore City Circuit Court Case No. 24-C-08-001863, the claims against Shapiro were settled for Two Hundred Sixty-Two Thousand, Five Hundred Dollars ($262,500.00). Travelers agreed to contribute Eighty One Thousand, Two Hundred Fifty Dollars ($81,250.00), which was less than the Travelers pro rata indemnity obligation under its policies issued to Shapiro. The Kelch Plaintiffs alleged that they were tenants and/or invitees at 1320 W. Mosher Street, a property owned by Shapiro. The Kelch Plaintiffs alleged exposure from 1990 through 1994. REGIS provided insurance to the Shapiro Defendants from 1992 to 1994.

11. Based on its April 30, 1990 to April 30, 1992 coverage for the Shapiro Defendants in the aforementioned *Deal* and *Kelch* cases, Travelers has a pro rata indemnity obligation to contribute toward the settlements in both cases in the amount of One Hundred Sixty-Two Thousand, Five Hundred Dollars ($162,500.00). REGIS and Shapiro also seek their attorneys' fees and costs for having to file this Complaint for Declaratory Judgment.

**WHEREFORE**, REGIS and Shapiro pray:

a. That this Court determine and adjudicate the rights and liabilities of the parties with respect to the subject policies of insurance, and the pro rata obligations of the carriers to indemnify Shapiro for the settlements entered into in the aforementioned *Deal* and *Kelch* cases;

b. That this Court find and declare that Travelers has an indemnity duty to REGIS and Shapiro, and that the Court declare that Travelers must indemnify REGIS and Shapiro in the amount of One Hundred Sixty-Two Thousand, Five Hundred Dollars ($162,500.00) for its pro rata share of settlements entered into the *Deal* and *Kelch* cases;

c. That this Court award to REGIS and Shapiro the costs of these proceedings

PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

S:\Cases\Regis Ins v. Travelers\Complaint for Declaratory Judgment.ple.doc

including their attorneys' fees;

      d. That this Court award REGIS and Shapiro such other and further relief as in law and justice they may be entitled to receive.

                                                            WILLIAM C. PARLER, JR.
                                                            **PARLER & WOBBER, L.L.P.**
                                                             406 East Joppa Road
                                                            Towson, Maryland 21286
                                                            410-832-1800
                                                           *Attorney for Plaintiffs*